H. B. WARREN *v.* MRS. JOHN N. THOMPSON, *Admx.*

(No. 7061)

Submitted September 8, 1931. Decided September 15, 1931.

*P. J. McGuire*, for plaintiff in error.
*Ramsay & Wilkin*, for defendant in error.

LIVELY, JUDGE:

This suit, begun in 1928 before a justice of the peace by H. B. Warren against John N. Thompson on a note for $300.00 executed by the latter to the former on April 4, 1923, payable one year from date without interest until due, terminated in the circuit court on December 10, 1930, in an instructed verdict and judgment for $309.94; from which judgment the administratrix of Thompson prosecutes error. Pending the appeal from the justice of the peace, defendant Thompson died and the suit was revived against the administratrix.

At the trial, defendant filed a set-off consisting of rent on a garage at $5.00 per month from March 17, 1923, until January 1, 1928, amounting to $285.00, and a store bill for goods purchased by plaintiff from defendant in 1927 amounting to $30.06. There was no controversy about the amount owing on the note, which plaintiff filed and proved and testified that, with interest, the amount of $340.00 was due thereon. On the other hand, plaintiff admitted that he owed the store bill of $30.06, and that this item of set-off should be allowed. The controversy arose over the set-off for rent of the garage. On cross-examination he admitted his occupancy of the garage; but said there was no occasion for him to pay any rent therefor. Plaintiff then rested his case. Defendant, to maintain the issue on her part, offered to testify that plaintiff had occupied the garage from March 17, 1923, until January 1, 1928, and that the reasonable rent therefore was $5.00 a month; that prior to his occupancy, another person was renting the garage at the sum of $5.00 per month; she also offered to show by another witness, Hugh Dunn, that in a conversation with plaintiff the latter had told the witness that he rented a garage from John N. Thompson, deceased, and paid therefor the sum of $5.00, and that he, the witness Dunn (then renting the garage), was forced to give it up to permit Mr. Warren, the plaintiff, to occupy the same. The evidence of this witness was rejected and not permitted to go to the jury, but the record was vouched to the effect that if the witness were permitted to answer the questions, he would state that Warren, the defendant, told him that he was paying rent for the garage, and that he had paid enough to Mr. Thompson to have

had it in better condition. Defendant offered another witness to show that Warren had occupied the garage for a period of five years and paid nothing for the use thereof. This evidence was likewise rejected. The administratrix also offered to testify that plaintiff had occupied the garage for the period of time stated in the set-off and had not paid anything for it, which evidence, on objection, was not allowed to go to the jury. All evidence offered to sustain the claim for garage rent was rejected.

Both sides having rested, plaintiff moved for an instructed verdict for $309.94, being the amount of the note with interest less the item of store account, which motion the court granted and the jury returned a verdict for that amount, on which judgment was rendered. Motion to set aside the verdict and grant a new trial was duly made and refused.

Two points of error are insisted upon: (1) That the court erred in refusing the affirmative of the issue to the defendant; (2) that the court erred in excluding the testimony tending to prove the set-off for the use of the garage.

As above stated, there was no defense to the execution of the note and the amount due thereon, nor was there any controversy over the item of set-off represented by the store bill. The only controversy in the case was over the set-off for use of the garage. Of course, defendant had the burden of establishing that set-off. But we find nothing in the record which would prevent plaintiff from having the affirmative of proving the note, nor was there any motion that defendant should open the case by proving the set-off for use of the garage prior to the proof of the note.

The second point of error is well taken. The note was executed for money borrowed in April, 1923. If plaintiff rented the garage in the following March and continued to occupy it as alleged at $5.00 per month, or for a reasonable sum for its use, in the absence of a stipulation as to the amount to be paid, it is quite clear that defendant was owing a debt to the estate of Thompson which would be a set-off against the amount due on the note. It is as much a set-off as the $30.06 store bill allowed without question. The claim of plaintiff and that of the set-off by defendant both arise out of contracts. There

is no question of unliquidated damages in either claim which would prevent one from being set-off against the other. The statute, chap. 50-5-1, Official Code, says that where a plaintiff sues, as in this case, on contract, express or implied, defendant may counterclaim for a liquidated demand founded on contract, express or implied. Had defendant Thompson sued for the rent of his garage, can it be questioned that plaintiff Warren could not have set-off the amount of his note? Where a defendant is sued before a justice of the peace and has a proper counterclaim or set-off and fails to set it up as a defense, personal service having been had up him, he is forever thereafter precluded from maintaining action for recovery of that counterclaim. Code 1931, 50-5-2, page 1238.

Since the set-off or counterclaim for amount due for occupancy of the garage was a proper one to be filed and determined in the action, it was clearly error to refuse evidence which would establish that claim. The confusion which has arisen in this case seems to be that defendant's counsel, at one time in the course of the trial, denominated the claim for rent as a ''recoupment,'' and at others as a set-off or counterclaim. Defendant in error, Warren, assumes that the rent is claimed as ''recoupment;'' and no evidence having been introduced to show that it arose out of the transaction in which the note was given, argues that the evidence was properly rejected. The item of rent for the garage and the store bill are denominated in the field paped which sets them out as ''set-off.'' Moreover, they are claimed as ''set-off'' items by defendant's counsel at various times during the trial, and the fact that at one time in the trial he denominated his claim as a ''recoupment'' is not conclusive. The character of the claim is not changed by a name inadvertently given it.

The judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed; verdict set aside; new trial granted.*